UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIE TAYLOR,           )<br>                              )<br>        Petitioner       )<br>                              )<br>     v.                       )       CAUSE NO. 3:07-CV-286 RM<br>                              )<br>EDWARD BUSS,        )<br>                              )<br>        Respondent     )| |

OPINION AND ORDER

Willie Taylor, a *pro se* prisoner, filed this habeas corpus petition challenging his 730 day loss of earned credit time and his demotion in credit class. On January 18, 2007, the Disciplinary Hearing Board (DHB) found him guilty of trafficking in violation of A-113.

Mr. Taylor raises only one argument. He contends that there was no evidence to support finding him guilty of trafficking. Mr. Taylor was found with a cell phone in the pocket of a pair of shorts that he was wearing. He doesn't dispute that he had the cell phone. Instead, he argues that he should have only been found guilty of possessing unauthorized property. It is true that he could have been charged with that offense instead of trafficking, but there is some evidence that he engaged in trafficking. Cell phones don't naturally occur within a prison, nor are they constructed there. The cell phone had to have been brought into the facility by someone. This supports the finding of trafficking. Though he might have found the cell phone when someone else lost it, rather than trafficking to obtain it, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S.

445, 457 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-56 (1985). Having the cell phone is some evidence that Mr. Taylor trafficked to obtain it.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

<u>McPherson v. McBride</u>, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). *See also* <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-56 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); <u>Hamilton v. O'Leary</u>, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); and <u>Mason v. Sargent</u>, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECTION 2254 HABEAS CORPUS RULE 4. This petition does not present any basis for habeas corpus relief, so it must be denied.

Mr. Taylor also sent a letter to the clerk without a cause number. The clerk mistakenly altered the letter by placing this cause number it and mis-filing it in this case.

The letter has nothing to do with this case, nor any other case that was pending when it was received. Therefore it will be stricken and the clerk directed to remove this cause number from it. The clerk will also be directed to appropriately file the letter.

For the foregoing reasons, the court:

(1) STRIKES the letter (docket # 2);

(2) DIRECTS the clerk remove this cause number from the letter (docket # 2);

(3) DIRECTS the clerk to file the letter (docket # 2) where appropriate; and

(4) DENIES this habeas corpus petition (docket # 1).

SO ORDERED.

ENTERED: February  21 , 2008

                                        /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United State District Court